UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ZHU CHAO WANG,                                                                      Petitioner

v.                                                            Civil Action No. 4:26-cv-203-RGJ

JASON WOOSLEY, et al.,                                                         Respondents.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Zhu Chao Wang's Writ of Habeas Corpus. [DE 1]. Respondents responded on April 3, 2026. [DE 9]. Petitioner replied on May 4, 2026. [DE 11]. The parties agree that no evidentiary hearing is necessary. [DE 10; DE 12]. Petitioner also filed a Motion for Expedited Ruling. [DE 14]. This matter is ripe for adjudication. For the reasons below, this Court **GRANTS** the Petition for Writ of Habeas Corpus. [DE 1].

## I.  Background

Petitioner Zhu Chao Wang ("Wang") is a 41-year-old native and citizen of China. [DE 9-1 at 37]. Wang has been present in the United States since 2009. [DE 1 at 6]. Wang was placed into immigration proceedings in New York, New York. [*Id.*]. An Immigration Judge ("IJ") denied Wang's application for asylum, withholding of removal, and protection under the Convention Against Torture and ordered Wang to be removed to China. [*Id.*]. Wang appealed the decision and the decision was upheld by the Board of Immigration Appeals ("BIA"). Thus, Wang's order of removal was final. [*Id.*].

On July 19, 2021, Wang filed a motion to re-open with the BIA, and a stay pending the motion, based on Wang's religious conversion to Christianity and a fear of religious prosecution if deported to China. [*Id.*]. The BIA denied both requests. [*Id.*]. Wang then sought review at the

1

Court of Appeals for the Second Circuit, *Wang v. Holder*, No. 13-795 (2d Cir.). [*Id.*]. The Second Circuit granted Wang an administrative stay of removal pending review by a three-judge panel. *Wang v. Bondi*, No. 13-795, slip op. at 1 (2d Cir. Mar. 20, 2026). [*Id.* at 6-7]. The Order states, "IT IS HEREBY ORDERED that Petitioner is GRANTED an administrative stay of removal pending review by a three-Judge panel." *Wang v. Bondi,* 13-795, slip op. at 1 (2d Cir. Mar. 20, 2026).

On September 3, 2025, Immigration and Customs Enforcement detained Wang and transported her to Grayson County Jail in the Western District of Kentucky. [*Id.*]. She has been held without a bond hearing or any form of an individualized determination whether Wang is a flight risk or a danger to the community that would warrant release. [*Id.*].

Respondents contend that Wang is detained pursuant to 8 U.S.C. § 1231(a) because Wang has a final order of removal against her. [DE 9 at 29-30]. Petitioner concedes that Wang has a final order of removal, but contends that the Second Circuit stay "prohibits the Government from removing her" for the current time period and thus is detained pursuant to 8 U.S.C. § 1226(a). [DE 1 at 7-8]. Therefore, Wang seeks release from her detention, or in the alternative, to hold a bond hearing before a neutral IJ to determine whether she should remain in custody. [*Id.*].

## II.    DISCUSSION[1]

### A.  Section 1231(a) vs. Section 1226

Wang concedes that she has a final order of removal. [DE 1 at 8]. Nonethless, Wang contends that "when a court of appeals stays removal, the removal period under Section 1231(a)(1)

---

[1] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis,* 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

is effectively tolled, and the Government cannot rely on Section 1231's framework to justify continued detention without a bond hearing." [*Id.*]. Therefore, "Section 1226(a) is the proper statutory authority governing her detention." [*Id.*]. The United States argues that because the Second Circuit stayed her order of removal pending the motion to reopen, rather than the original order of removal, Wang "is presently detailed to pursuant to 1231." [DE 9 at 29-30].

> As it relates to detention under Section 1231, the Sixth Circuit has stated:

> Under 8 U.S.C. § 1231(a)(2), the Attorney General has the authority to detain an alien during the removal period. The removal period is the period of 90 days after an alien is ordered removed. *See* 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(1)(B), however, the removal period does not begin until the latest of: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Bejjani v. I.N.S.,* 271 F.3d 670, 689 (6th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)

To support Respondents' position that a motion to reopen does not impact the finality of her order of removal under Section 1231, Respondents cite to *Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir. 2008); *Forde v. U.S. Att'y Gen.*, 257 F. App'x 167 (11th Cir. 2007); and *Stone v. INS*, 514 U.S. 386 (1995). But Respondents reliance on these cases is misplaced. First, in *Diouf,* the Ninth Circuit stated that the filing of a motion to reopen does not reset the removal period. 542 F.3d 1230. That is not at issue in this case, where the Second Circuit has issued an Order of a stay, not solely that Wang has filed a motion to reopen. Second, in *Forde,* the Eleventh Circuit discussed whether the filing of a motion to reopen affects the finality of a removal order. 257 F. App'x at 169. This proposition is not applicable to Wang either, as she is not challenging the finality of her removal order. And lastly, *Stone* is inapplicable because it stands for the general notion that a

3

motion to reopen does not affect the finality of a deportation order. 514 U.S. at 405. As stated, Wang is not contesting whether her order of removal is final. She is contesting which statute governs her detention once a stay has been granted regarding her final order of removal. [DE 11 at 72].

Contrary to Respondents, the majority of caselaw, including binding caselaw within the Sixth Circuit, favors Petitioner's view of Section 1231 and its relation to Section 1226. In *Bejjani,* the Sixth Circuit stated that once a court orders a stay of removal, the "removal period" would not begin until the date of the court's final order. 271 F.3d at 689. Thus, the Petitioner could not lawfully be detained by immigration officials pursuant to 1231 because there was no final order. *Id.* ("[u]nder § 1231(a)(1)(B)(ii), the period of removal would not begin until the date of the Court's final order. Thus, the INS did not have the authority to detain Bejjani because the removal period had not begun.") Although the Sixth Circuit was the first court of appeals to address this issue, other court of appeals have since followed suit. *See Prieto-Romero,* 534 F.3d 1053, 1067-68 (9th Cir. 2008) ("An alien whose removal order is administratively final, but whose removal is stayed pending the court of appeals' resolution of his petition for review, may be subject to detention under § 1226(a), but not § 1231(a)(2)"); *Leslie v. Ashcroft,* 678 F.2d 265, 270 (3d Cir. 2012) ("Our review indicates that every circuit to consider the issue has held that § 1226, not § 1231, governs detention during a stay of removal"); *Farah v. U.S. Att'y Gen.,* 12 F.4th 1312, 1332 (11th Cir. 2021) ("We hold that section 1231(a) does not govern the detention of an alien whose removal has been stayed pending a final order from the reviewing court.") Thus, "there can be little doubt that an alien, subject to and within a stay of removal, cannot yet be in the 'removal period' for § 1231 purposes." *Leslie,* 678 F.2d at 270; *see also, Marqus v. Adducci,* 2020 WL 8766058, at *2 (E.D.

4

Mich. July 24, 2020) ("the Sixth Circuit ordered a stay of the Petitioner's removal, the removal period will not begin until the Sixth Circuit issues its final order.")

Here, the Second Circuit explicitly granted Wang a stay of removal stating, "Petitioner is GRANTED an administrative stay of removal pending review." *Wang v. Bondi,* 13-795, slip op. at 1 (2d Cir. Mar. 20, 2026). As a result, her detention is permitted under Section 1226(a), not Section 1231. *See Singh v. Mullin,* 2026 WL 1413154, at *2 (D. N.M. May 20, 2026) (holding that because Petitioner's "removal proceedings are [stayed] before the Ninth Circuit [] [her] detention falls within § 1226.")

B.    Lawfulness of Current Detention

Because the Court found that Wang's detention is guided by Section 1226, the Court must determine whether the continued detention pursuant to Section 1226 is in violation of her Due Process. *Singh,* 2026 WL 1413154 at *2 (stating that although *"*Section 1226 empowers Respondents to detain Petitioner, [] it must do so within the Fifth Amendment's confines"). In *Lopez-Campos v. Raycraft*, 2026 WL 1283891, at *4–9 (6th Cir. May 11, 2026) the Sixth Circuit held that that the detention of noncitizens like Lopez-Campos, non-citizens who have "passed through our gates," without a bond hearing violates the Due Process Clause of the Fifth Amendment. *Id.* at *13. As stated, it is uncontested that Wang has been detained for more than eight months without a bond hearing., [DE 1 at 6], and a published decision of the Sixth Circuit binds the Court. *Wright v. Spalding,* 939 F.3d 695, 700 (6th Cir. 2019).

The Sixth Circuit's opinion is in line with other circuits, such as the Second, Seventh, and Eleventh, *Cunha v. Freden,* --- F.4th --- 2026 WL 1146044, *4-*23 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th --- 2026 WL 1223250, *9-*21 (7th Cir. May 5, 2026); *Alvarez v. Warden,* --- F.4th --- 2026 WL 1243395, *1-*22 (11th Cir. May 6, 2026),

as well as this Court's previous opinions *Edahi v. Lewis*, 2025 WL 3466682, at \*5-\*13 (W.D. Ky. Nov. 27, 2025) and *Vicen v. Lewis,* 2026 WL 541171, \*2–\*9 (W.D. Ky. Feb. 26, 2026). The reasonings of all these decisions are incorporated here by reference. For all the reasons set forth in *Lopez-Campos*, the other Circuit Court opinions, and this Court's previous opinions, the United States has violated the due process rights of the Petitioner.

For the above reasons, the Court **ORDERS** the following:

I. The Petition for Writ of Habeas Corpus is **GRANTED**.

II. The United States is directed to release the Petitioner immediately because of the unlawful detention in violation of their due process rights.

III. The United States must provide Petitioner with a bond hearing before a neutral IJ pursuant to Section 1226.

IV. The United States must certify compliance with the Court's order by a filing on the docket **by May 30, 2026.**

Rebecca Grady Jennings, District Judge
United States District Court

May 28, 2026

6